UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA LEE BRASFIELD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 17-11009

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S JUNE 8, 2018 REPORT AND RECOMMENDATION [17]**

Plaintiff Tamara Lee Brasfield ("Plaintiff") experiences severe impairments from fibromyalgia as well as a host of other ailments, including rheumatoid arthritis, pars planitis, Sjogren's Syndrome, depression, Chronic Fatigue Syndrome, stomach problems, swelling and muscle/joint pain, stiffness, and tenderness. (ALJ Scallen's finding, Tr.22-24; R&R, Dkt. 17, at 2; PgID 500.) On December 24, 2013, Plaintiff filed an application for Disability Insurance Benefits ("DIB") under the Social Security Act, alleging disability as of February 15, 2012. (ALJ Scallen's finding, Tr. 33.) In September 2015, Administrative Law Judge ("ALJ") Timothy C. Scallen, acting on behalf of Defendant Commissioner of Social Security, concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

A year later, the appeals Council denied review of the ALJ's opinion. In March 2017, Plaintiff appealed to this Court, seeking judicial review of the final decision. (Dkt. 1.) The Court referred her motion for summary judgment (Dkt. 13) and the Commissioner's motion for summary judgement (Dkt. 16) to Magistrate Judge Whalen, who recommends affirming

the ALJ's disability determination. Plaintiff objects. (Dkt. 18.) The Court performed a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation (Dkt. 17) to which Plaintiff objects. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). For the reasons stated more fully below, the Court DENIES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation [17]. It is further ordered that Plaintiff's Motion for Summary Judgment [13] is DENIED, Defendant's Motion for Summary Judgment [16] is GRANTED, and the case is hereby DISMISSED.

## II.    Analysis

Plaintiff objects to the Magistrate Judge's analysis of the ALJ's evaluation of Plaintiff's fibromyalgia symptoms and physical activity level. Plaintiff's objections are little more than a summary of Plaintiff's previously raised arguments. The Magistrate Judge has already considered, addressed thoroughly, and determined these arguments Plaintiff now raises again. Plaintiff fails to identify any error in the Magistrate Judge's holding, only disagrees with the conclusions. Nonetheless, the Court addresses Plaintiff's restated arguments below.

A.    Fibromyalgia diagnosis

Plaintiff's first objection is that the ALJ erred by searching for objective findings corroborating Plaintiff's claims about the severity of her fibromyalgia (Dkt. 18, at 2; PgID 520) and that the Magistrate Judge failed to directly address this argument. (*Id.*)

"The Sixth Circuit and the Social Security Administration have. . . .recognized that it makes little sense to rely on a lack of objective medical evidence when addressing both the diagnosis and the treatment of fibromyalgia." *Byberg v. Comm'r of Soc. Sec.*, No. 12-

2

10158, 2013 WL 1278397 (E.D. Mich. Mar. 11, 2013) (citing *Rogers v. Comm'r*, 486 F.3d 234, 243-44 (6th Cir. 2007); *Preston v. Sec'y of Health & Human Serv.*, 854 F.2d 815, 820 (6th Cir. 1988)). The Sixth Circuit explained that "fibromyalgia patients present no objectively alarming signs" and "fibromyalgia patients manifest normal muscle strength and neurological reactions and have a full range of motion." *Rogers*, 486 F.3d at 243-44 (internal quotations marks omitted). The Court additionally agrees with Plaintiff that, in discussing her fibromyalgia, ALJ Scallen stated, "[o]bjective development did not reveal significant musculoskeletal or cardiopulmonary pathology, and there is no electrodiagnostic evidence of neurological complications." (Tr. 26.) The Court however cannot agree with Plaintiff's conclusion: that "the ALJ's entire analysis was overshadowed by his erroneous belief that some sort of objective evidence was necessary to support a claim of disabling fibromyalgia." (Dkt. 18, at 3; PgID 521.)

The statement from *Rogers* exists in a different context from the situation present here. In *Rogers*, the ALJ had erred by relying on the absence of objective evidence of fibromyalgia, despite two of the claimant's treating physicians having used the proper means of diagnosing the condition and opining as to the severe limiting effects of the claimant's fibromyalgia. The Sixth Circuit found in *Rogers* that "the ALJ's decision reflects some hesitancy in identifying this accepted medical condition as a severe impairment, and this hesitancy, in turn, influenced the ALJ's weighing of the treating physician evidence." *Rogers*, 486 F.3d at 243. The *Rogers* court held it was inappropriate for the ALJ to discount the opinions of the claimant's treating physicians, who had performed the proper tests, in favor of the opinions of non-treating physicians whose assessment were based largely on "a lack of objective findings." *Id.* at 245.

3

The ALJ in this case did not use objective evidence to reject Plaintiff's treating physician's diagnosis of fibromyalgia like the ALJ in *Rogers*. The ALJ examined reports from Plaintiff's treating physicians and found that Plaintiff "displayed symptoms of fibromyalgia on clinical examination. . ." (Tr. 26.) In fact, ALJ Scallen found that Plaintiff's fibromyalgia was a severe impairment (Tr. 25-26) and that Plaintiff's fibromyalgia condition was a medically determinable impairment ("MDI") under SSR 12-2p. (Tr.22.)

However a finding that a condition is an MDI and a severe impairment is not the same as establishing a disability. A court must determine if the claimant diagnosed with fibromyalgia is "one of the minority" of fibromyalgia patients who have a case so "severe. . . .as to be totally disabled from working." *Torres v. Comm'r of Soc. Sec.*, 490 Fed.Appx. 748, 754 (6th Cir. 2012) (citing *Sarchet v. Chater*, 78 F.3d 305 (7th Cir. 1996)). As the Sixth Circuit has explained, there is "an important distinction between, on one hand, diagnosing fibromyalgia and finding it to be a severe impairment and, on the other, assessing a claimant's physical limitations due to the impairment." *Torres v. Comm'r of Soc. Sec.*, 490 Fed.Appx. 748, 754 (6th Cir. 2012). "A diagnosis of fibromyalgia does not automatically entitle [a claimant] to disability benefits." *Vance v. Comm'r of Soc. Sec.*, 260 Fed.Appx. 8010, 806 (6th Cir. 2008).

Here, the ALJ acknowledged Plaintiff's fibromyalgia diagnosis, determined it was both MDI and severe, and then proceeded to evaluate the effect of that diagnosis on Plaintiff's ability to work. The Court is satisfied the ALJ properly considered Plaintiff's fibromyalgia diagnosis. The Court is satisfied the Magistrate Judge considered it again. The ALJ and Magistrate Judge's determinations are proper and in accordance with the Sixth Circuit case law. Plaintiff's objection offers nothing more than disagreement.

B.  Physical Limitations

Plaintiff raises in her Motion for Summary Judgment that the evidence on which the ALJ determined Plaintiff had the ability to do sedentary work, is not supported by the record. Specifically, Plaintiff objects to the term and suggestion that she is capable of performing "regular" activities. The Magistrate Judge and the ALJ both addressed this issue which Plaintiff raises again here.

The ALJ observed that Plaintiff "demonstrated improvements with the proper medication." (Tr. 26 *citing* Tr. 340.) The Magistrate Judge determined that Plaintiff's symptoms improved by taking Savella. (Dkt. 17, at 16; PgID 514.) The ALJ noted Plaintiff admitted she was able to " 'engage in light housework,' prepare simple meals, drive, shop, handle her finances, and regularly attend her children's sporting events." (Dkt. 17, at 16; PgID 514) (citing Tr. 26.)

Plaintiff argues that these were not regular activities. Plaintiff asserts that the light housework required assistance and was limited to twice a week for an hour at time. (Dkt. 18, at 3; PgID 521) (citing Tr. 161.) Plaintiff cites that the meal preparation involved sandwiches, and frozen, canned, or boxed items, three or four meals per week. (*Id.* at 4) (citing Tr. 161.) Plaintiff states shopping occurred with the assistance of her husband and sometimes not at all, and that the sporting events occurred just once a week. (Tr. 162-3.)

The Magistrate Judge and ALJ weigh these exact claims against the statements Plaintiff made to a consultative examiner that she typically arose early, made her sons breakfast, performed light house cleaning, cared for her own personal needs, read, listened to music, and helped her mother perform household chores. (Tr. 277.)

5

Social Security Ruling 12-2p states "we will make a finding about the credibility of the person's statements regarding the effects of his or her symptoms on function." SSR 12-2p. The Ruling refers to SSR 96-7p, which does not preclude the ALJ from considering a claimant's statements over time. *See* SSR 96-7p ("In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including. . . .the individual's own statements about symptom.")

The ALJ's credibility determination stands. A court must accord an "ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [a court does] not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). The ALJ gave several reasons, supported by substantial evidence, not least of all Plaintiff's own testimony, for his determination that the degree of Plaintiff's limitation would not exclude sedentary work. Plaintiff does not deny that she participates in the activities only disagrees with the ALJ's conclusion of her abilities. Plaintiff ultimately is restating arguments that she previously raised in her motion for summary judgment. The Court finds no error in the Magistrate Judge's analysis affirming the ALJ's determination. Plaintiff fails to meet the burden of showing that the determination is unsupported y substantial evidence.

### III. Conclusion

For the reasons thus stated, the Court DENIES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. §405(g).

SO ORDERED.

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated: August 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 16, 2018, by electronic and/or ordinary mail.

                                       s/Lisa Bartlett
                                       Case Manager